Michael A. Moberly
HOZUBIN, MOBERLY & ASSOCIATES
711 M Street, Suite 2
Anchorage, AK 99501
907-276-5297 – Telephone
907-276-5291 – Fax
Email:  mike@akdefenselaw.com
Alaska Bar No. 9612073

*Attorneys for Trafford Evanoff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TRAFFORD EVANOFF, | ) |
| | ) |
| Defendant. | ) |
| | ) Case No. 3:26-po-00003-MMS |

**TRAFFORD EVANOFF'S MOTION FOR BILL OF PARTICULARS**

Pursuant to Federal Rule of Criminal Procedure 7(f) and the Sixth Amendment to the

United States Constitution, Defendant Trafford Evanoff, respectfully moves this Court to order

the Government to provide a bill of particulars setting forth with specificity the nature of the

charge in this case. Mr. Evanoff is entitled to know exactly what he is alleged to have done

wrong so that he can prepare his defense and avoid unfair surprises at trial.[1]

---

[1] Mr. Evanoff reserves the right to file a motion to dismiss if the Government contends that he unlawfully interfered with the trapper.

**Introduction**

Mr. Evanoff and his mother, Laura McIndoe,[2] are both charged with violation of 16 U.S.C. §668dd and 50 C.F.R. 27.84 for "*Interference with persons engåged in authorized activities*. Disturbing, molesting, or interfering with any employee of the United States or of any local or State government engaged in official business, or with any private person engaged in the pursuit of an authorized activity on any national wildlife refuge is prohibited."[3]  However, the conduct alleged against Mr. Evanoff differs from Ms. McIndoe.  These differences are both temporal, as the initial allegations against Ms. McIndoe precede Mr. Evanoff's alleged involvement, and differ factually as to the alleged conduct of each.

According to the Notices against each, on February 5, 2025, Ms. McIndoe was walking her dog on "an old and overgrown road to an oil and gas exploration pad" when her "dog got caught" in a leghold trap.[4] Ms. McIndoe was understandably "very upset" and told the trapper to "stay away"[5] while she attempted to free her dog. Ms. McIndoe also called her sons, one of whom is Mr. Evanoff, who arrived shortly thereafter to help. By the time State and federal law enforcement officers (LEOs) encountered Ms. McIndoe and her sons on the road, she had already freed her dog.[6]  The officer noted that

> Mr. Evanoff was carrying a large feather with metal foil wrapped at the base of the feather with a yellow string attached and a piece of paper in a gallon Ziploc clear plastic bag. The yellow string attached to the feather appeared to have been cut. The white piece of paper measuring 8.5 inches square had ACTIVE

---

[2] Ms. McIndoe is charged in a separate case, Case No. 3:26-po-00003-MMS.
[3] Docket No. 1 at 2.
[4] *Id*.
[5] *Id*.
[6] *Id*.

Motion for Bill of Particulars
*United States of America v. Trafford Evanoff*
3:26-po-00003-MMS
Page 2

Case 3:26-po-00003-MMS    Document 15    Filed 05/11/26    Page 2 of 8

TRAPLINE AHEAD PLEASE KEEP DOGS ON A LEASH written on it in thick red lettering.[7]

The Notice alleges that the "trapper told [the officer] that the feather was a "flag" that he had hung near a trap site to attract animals. He showed [the officer] his unique identification that was written on the foil at the base of the flag which permitted trappers use to identify their trap site locations. He said two of his trap sites besides the one the dog had got caught in were destroyed. He had just past these undisturbed trap sites before encountering the woman on the trail. He said he was unable to locate the trap that was attached to the dog after he released the trap from the anchor and the woman had threaten him with physical harm and cursed at him causing him to leave the immediate area.[8]

According to the Notice, in an interview that was conducted two weeks later, an officer reported that Mr. Evanoff "said he did not see or disturb any traps other than the trap on the dog's leg," and that "he found the sign and signal feather on the ground."[9] Over nine months later, Federal Wildlife Officer Shay Hurd "issued a violation notice" to Mr. Evanoff for "interfering with persons engaged in authorized activities."[10]

Based on the Notice, the Government's theory of this case is unclear. The Government may be charging Mr. Evanoff for interfering with the trapper simply by freeing his mother's dog from a trap. However, the Government's disclosures in this case indicate that the trapper was not engaged in an "authorized activity" because "[t]rapping is prohibited within one mile of public roads, campgrounds, road accessible trailheads, and within the Skilak Wildlife Recreation Area."

---

[7] Id.
[8] *Id*.
[9] *Id*.
[10] *Id*.

Motion for Bill of Particulars
*United States of America v. Trafford Evanoff*
3:26-po-00003-MMS
Page 3

Case 3:26-po-00003-MMS     Document 15     Filed 05/11/26     Page 3 of 8

Thus, Mr. Evanoff could not have unlawfully interfered with the trapper because he was not "authorized" to set traps on the "road" where Ms. McIndoe and her dog were walking. Further, if the theory is that Mr. Evanoff's alleged possession of a feather/foil or piece of paper in a Ziploc bag, the Government must explain how those items are integrally related to "authorized activities" and not incidental to that activity.[11] If the Government's theory is that Mr. Evanoff interfered with State or federal LEOs—who were the only "persons engaged in authorized activities" besides Ms. McIndoe and Mr. Evanoff—then the Government should say so. Mr. Evanoff should not have to risk preparing for trial based solely on assumptions, inferences, and the Government's vague allegations.

Given the complete lack of essential details regarding the charged offense, and the uncertainty created by the Government's own disclosures, Ms. McIndoe cannot prepare an adequate defense to this Notice.

Ms. McIndoe seeks an order directing the Government to file a bill of particulars identifying:

(1) The "persons" with whom Ms. McIndoe is alleged to have interfered;

(2) The specific "authorized activities" in which those "persons" were engaged; and

(3) The specific actions Mr. Evanoff is alleged to have taken that constituted "interference" with the persons engaged in the authorized activities.

---

[11] E.g., the trapper claimed that "that the feather was a 'flag' that he had hung near a trap site to attract animals," with "unique identification that was written on the foil at the base of the flag," to identify his trap site locations. Docket No. 1 at 2. It is unclear whether the feather/foil is specifically enumerated in the "authorized activities" alleged, or a unilateral election of the trapper to uniquely 'flag' his traps in such a way.

Motion for Bill of Particulars
*United States of America v. Trafford Evanoff*
3:26-po-00003-MMS
Page 4

**Legal Standard**

"The Sixth Amendment guarantees a criminal defendant the fundamental right to be informed of the nature and cause of charges made against him so as to permit adequate preparation of a defense."[12] Consistent with that principle, the Supreme Court of the United States has made it clear that cryptic charging documents are inadequate because they would require "the defendant to go to trial with the chief issue undefined," "give[[] the prosecution free hand on appeal to fill in the gaps of proof by surmise or conjecture," and make it impossible "for courts called upon to pass on the validity of convictions."[13]

The remedy for a vague charging document is an order for the Government to file a bill of particulars in the case.[14] The Ninth Circuit has explained that a bill of particulars serves three main functions:

> [1] to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, [2] to avoid or minimize the danger of surprise at the time of trial, and [3] to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.[15]

When deciding whether to order a bill of particulars, this Court "considers whether the defendant has been advised adequately of the charges by the sum of the government's disclosures, including those made in discovery."[16] Although "[f]ull discovery" may obviate the

---

[12] *Gautt v. Lewis*, 489 F.3d 993, 1002-03 (9th Cir. 2007).
[13] *Russell v. United States*, 369 U.S. 749, 766, 769 (1962) (citing *Cole v. Arkansas*, 333 U.S. 196, 201-02 (1948)).
[14] *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).
[15] *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979).
[16] *United States v. Rudd*, No. 3:20-cr-00088-TMB-MMS (Docket No. 67 at 5) (D. Alaska Jul. 16, 2021) (internal quotations omitted) (quoting *Long*, 706 F.2d at 1054).

Motion for Bill of Particulars
*United States of America v. Trafford Evanoff*
3:26-po-00003-MMS
Page 5

need for a bill of particulars in some circumstances,[17] a defendant is entitled to know "the theory of the government's case" before going to trial.[18]

**Argument**

The Notice, taken together with the Government's disclosures, lacks sufficient factual detail to allow Mr. Evanoff to prepare for trial. Mr. Evanoff is left to guess the Government's theory of this case, which puts him in a fundamentally unfair position. At a minimum, this Court should require the Government to identify (1) who Mr. Evanoff allegedly interfered with; (2) the "authorized activities" in which those individuals were engaged, and (3) the specific actions that Mr. Evanoff is alleged to have taken that constitute unlawful interference.

First, the Notice fails to identify the "persons"[19] with whom Mr. Evanoff is alleged to have interfered. Although the Government has produced over 600 pages of discovery materials, including law enforcement body-worn camera video, the disclosures do not clarify the Government's theory of this case or clearly identify any individuals who were subject to unlawful interference.

Body-worn camera videos recorded on February 5, 2025, show Ms. McIndoe and her sons encountering an Alaska Wildlife Trooper and federal LEO soon after she freed her dog from the trap. Although her dog had a badly injured front paw, Ms. McIndoe stopped and had a polite conversation with the Trooper and LEO, informing them what had happened and that she was in a hurry to get to a veterinarian. The Trooper and LEO allowed Ms. McIndoe and her sons to proceed back to their vehicles and then to a veterinarian. There is no indication that Mr.

---

[17] *Giese*, 597 F.2d at 1180.
[18] *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (citing *Giese*, 597 F.2d at 1181).
[19] Docket No. 1 at 2.

Motion for Bill of Particulars
*United States of America v. Trafford Evanoff*
3:26-po-00003-MMS
Page 6

Case 3:26-po-00003-MMS     Document 15     Filed 05/11/26     Page 6 of 8

Evanoff interfered with the Trooper or LEO in any way. To avoid unfair surprise at trial, the Government should be required to clarify the specific identities of the "persons" described in the Notice.[20]

Second, if the Government's theory is that Mr. Evanoff interfered with the trapper, then the Government should disclose the nature of the "authorized activities" in which the trapper was engaged. As explained above, the Government's disclosures confirm that "[t]rapping is prohibited within one mile of public roads, campgrounds, road accessible trailheads, and within the Skilak Wildlife Recreation Area." There can be no factual dispute that the "road" described in the Notice is a "public road" because if it were a private road there would be no federal jurisdiction to bring the charge.[21] Mr. Evanoff reserves his right to file a motion to dismiss if the Government maintains that trapping was authorized on the "road" described in the Notice, despite the Refuge's regulations and trapping permit conditions to the contrary.

Third, and finally, the Notice does not specify what actions Mr. Evanoff is alleged to have taken that constitute unlawful "interference." It is particularly important for Mr. Evanoff to know what specific actions the Government contends constituted unlawful interference, with what "authorized activities" so that he may invoke his Fifth Amendment rights to bar any potential future charges.[22]

---

[20] *See United States v. Davidson*, 845 F.2d 1151, 1154 (2d Cir. 1988) (concluding that it was error for trial court to deny motion for bill of particulars requesting identification of alleged victims).
[21] *See Sturgeon v. Frost*, 587 U.S. 28, 54 (2019) ("Those private lands, and those public lands owned by the State of Alaska or a subordinate political entity, are not to be construed as subject to the management regulations which may be adopted to manage and administer any national conservation system unit which is adjacent to, or surrounds, the private or non-Federal public lands." (quoting S. Rep. No. 96-413 at 303 (1980)).
[22] *See Giese*, 597 F.2d at 1180.

Motion for Bill of Particulars
*United States of America v. Trafford Evanoff*
3:26-po-00003-MMS
Page 7

Case 3:26-po-00003-MMS    Document 15    Filed 05/11/26    Page 7 of 8

**Conclusion**

For the foregoing reasons, this Court should order the Government to file a bill of particulars. Mr. Evanoff is entitled to know who he is accused of interfering with, what authorized activities those persons were engaged in, and what he allegedly did to interfere with those authorized activities. The Notice and disclosures do not provide sufficient information to put Mr. Evanoff on fair notice of the Government's theory of the case.

DATED this 11th day of May, 2026.

> HOZUBIN, MOBERLY & ASSOCIATES
> Attorneys for Trafford Evanoff
>
> By:    /s/ Michael A. Moberly
> Hozubin, Moberly, & Associates
> 711 M Street, Suite 2
> Anchorage, AK 99501
> Telephone: 907-276-5297
> Facsimile: 907 276-5291
> E-mail: mike@akdefenselaw.com
> Alaska Bar No. 9612073

**CERTIFICATE OF SERVICE**
I hereby certify that on the 11th day of May, 2026, a true and correct copy of the foregoing was electronically served on the following:

PARTIES OF RECORD

By:    /s/ Michael A. Moberly
9200.033/court docs/Mtn for Bill of Particulars

Motion for Bill of Particulars
*United States of America v. Trafford Evanoff*
3:26-po-00003-MMS
Page 8

Case 3:26-po-00003-MMS    Document 15    Filed 05/11/26    Page 8 of 8